FILED
CLERK

10:08 am, Jul 21, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**-------------------------------------------------------X**
ROBERT D. GLUCK,

                Plaintiff,    **MEMORANDUM OF**
                                                                                                    **DECISION & ORDER**
      -against-                       2:14-cv-01697 (ADS)

CAROLYN W. COLVIN,
*Acting Commissioner of Social Security*,

               Defendant.
**-------------------------------------------------------X**

**APPEARANCES:**

**Law Offices of Harry J. Binder and Charles E. Binder, P.C.**
*Attorneys for the Plaintiff*
60 East 42nd Street
Suite 520
New York, NY 10165
      By:   Charles E. Binder, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
      By:   Kenneth M. Abell, Assistant United States Attorney

**SPATT, District Judge**:

On October 22, 2014, the Court entered a stipulation and order reversing the Commissioner's previous decision denying the Plaintiff Robert D. Gluck's (the "Plaintiff") petition for benefits under the Social Security Act. The stipulation and order further remanded the proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

On December 23, 2014, the Court awarded attorneys' fees to the Plaintiff's counsel in the amount of $3,400 plus $300 in costs pursuant to the Equal Access Justice Act (the "EAJA"), 28 U.S.C. §2412.

1

On June 29, 2016, the Plaintiff filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1). The Plaintiff seeks $14,759.50. The Plaintiff states that if the Court awards this sum, he will remit the previous attorneys' fees awarded to him pursuant to the EAJA.

On July 13, 2016, the Commissioner filed a letter response to the Plaintiff's motion for attorneys' fees, in which the Commissioner indicated that the Government did not oppose the motion.

42 U.S.C. § 406(b)(1)(A) states that

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Here, the parties agree that 25% of the past due benefits equals $24,759.50. The Plaintiff requests less than that amount—$14,759.50. Therefore, as there is no evidence of fraud or overreach on the part of the Plaintiff's counsel in reaching the contingency agreement; and the requested amount is not so large as to be a windfall to the attorney, *see Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990), the Court grants the Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b)(1)(A).

**IT IS ORDERED** that attorneys' fees be granted to counsel for the Plaintiff in the amount of $14,759.50, which represents less than 25% ($24,759.50) of the past due benefits awarded to the Plaintiff. Upon receipt of this sum, counsel for the Plaintiff is directed to refund the previously awarded EAJA fees of $3,400.00 directly to the Plaintiff. Nothing in this order will preclude Plaintiff's counsel from requesting fees under 406(a) for time spent handling Plaintiff's case before the Social Security Administration providing that the combined fees approved under 406(a) and

406(b) does not exceed $24,759.50 which represents 25% of the retroactive benefits awarded to the Plaintiff.

It is **SO ORDERED:**

Dated: Central Islip, New York

July 21, 2017

              */s/ Arthur D. Spatt*          

ARTHUR D. SPATT

United States District Judge